FILED
CLERK, U.S. DISTRICT COURT

NOV 1 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1  LYNN R. LEVITAN, ESQ. (CSB No. 176737, lrlevitan1@verizon.net)
   840 Fernwood Pacific Drive
2  Topanga, California 90290
   Telephone: 310.200.9620
3
   BRANT LAW OFFICES
4  LISA R. BRANT, ESQ. (CSB No. 174202, lbrant@brant-law.com)
   6186 Innovation Way
5  Carlsbad, California 92009
   Telephone: 760.893.8919
6
7  Attorneys for Plaintiffs JORDAN R. GOLDBERG AND LYNN R. LEVITAN

8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF LOS ANGELES

11  JORDAN R. GOLDBERG, an individual;  ) Case No. CV14-8759 SS
    LYNN R. LEVITAN, an individual,     )
12                                       )
              Plaintiffs,                )  COMPLAINT FOR: By Fax
13                                       )
       v.                                )  (1) VIOLATION OF FAIR
14                                       )      CREDIT REPORTING
    NATIONSTAR MORTGAGE, LLC, a         )      ACT (15 U.S.C. §1681);
15  Delaware limited liability corporation, and )
    DOES 1 through 10 inclusive         )  (2) FRAUDULENT
16              Defendants.              )      INDUCEMENT;
17                                       )
                                         )  (3) FRAUDULENT
18                                       )      MISREPRESENTATIONS;
19                                       )
                                         )  (4) NEGLIGENCE;
20                                       )
                                         )  (5) FRAUDULENT BUSINESS
21                                       )      PRACTICES;
22                                       )
                                         )  (6) UNFAIR BUSINESS
23                                       )      PRACTICES
                                         )
24                                       )  DEMAND FOR JURY TRIAL
25                                       )
26                                       )
27                                       )

28              COMPLAINT; DEMAND FOR JURY TRIAL
                        - 1 -

Plaintiffs JORDAN R. GOLDBERG and LYNN R. LEVITAN

("PLAINTIFFS") for claims for relief against defendants, allege:

## GENERAL ALLEGATIONS

## THE PARTIES

1.      At all times mentioned herein, PLAINTIFF JORDAN R.

GOLDBERG, an individual, and PLAINTIFF LYNN R. LEVITAN, an individual

("PLAINTIFFS") were and now are residents of the County of Los Angeles, State

of California.

2.      At all times mentioned herein, Defendant NATIONSTAR

MORTGAGE, LLC ("NATIONSTAR"), is and was a Delaware limited liability

company doing business in the State of California and is the current servicer and/or

assignee of PLAINTIFFS' first mortgage on their PROPERTY ("10/1 ARM").

3.      The private property, which is the subject of this lawsuit, is located at

840 Fernwood Pacific Drive, Topanga, California in the county of Los Angeles

("PROPERTY").

4.      The true names and capacities, whether individual, corporate, associate

or otherwise of Defendants Does 1 through 100, inclusive, are unknown to

PLAINTIFFS, who thereafter sues said Defendants by said fictitious names.

PLAINTIFFS are informed and believe and thereon allege that each of the

Defendants designated herein as a fictitiously named Defendant, is in some manner

responsible for the events and happenings herein referred to, either contractually or tortuously, and caused the damage of the PLAINTIFFS as herein alleged. When PLAINTIFFS ascertain the true names and capacities of Does 1 through 100, inclusive, they will ask leave of this Court to amend their Complaint by setting forth the same.

## JURISDICTION AND VENUE

5.      This action arises under 15 U.S.C. §1681 (Fair Credit Reporting Act)("FCRA").

6.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1331 and 12 U.S.C.S. §2607, *et seq.* The amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has personal jurisdiction over Defendant, and venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendant is doing business in this District, and a substantial portion of Defendant's unlawful activities have taken place in this District.

## GENERAL OVERVIEW OF CLAIMS

7.      In January 2014, NATIONSTAR, the servicer of the 10/1 ARM fraudulently induced PLAINTIFFS to apply for a loan Modification as part of a way to resolve a then pending litigation between PLAINTIFFS and NATIONSTAR. Initially, NATIONSTAR supplied PLAINTIFFS with a

Modification Application that had not mention of any escrow account. Attached hereto and incorporated herein by this reference as Exhibit "A" is a true and correct copy of the first loan Modification Application supplied by NATIONSTAR.

8.      PLAINTIFFS submitted a Modification Application in good faith and with the understanding that although a hardship Modification form was being used (as this is the only form used by NATIONSTAR to evaluate customers for Modifications), PLAINTIFFS were not, in fact, applying due to hardship but were in fact applying for a "business as usual" Modification. In January 2014, NATIONSTAR denied Plaintiffs' Modification Application.

9.      Notwithstanding, NATIONSTAR instituted an escrow account for PLAINTIFFS wherein NATIONSTAR, without notifying PLAINTIFFS, paid PLAINTIFFS' April property taxes in the amount of $4151.69. The escrow account was for that payment, in addition to the second installment of property taxes (not yet paid) and PLAINTIFFS' insurance payments (not yet paid).

10.      PLAINTIFFS had been timely and fully paying property taxes and insurance payments for the nine years that they had this mortgage.

11.      PLAINTIFFS sent a check to the State of California Tax Assessor for their property taxes in April 2014 because they did not know about the escrow account or that NATIONSTAR had paid their property taxes. PLAINTIFFS' check

1   was cashed by the Tax Assessor, and thereafter, PLAINTIFFS received a refund

2   from the State.

3

4       12.    PLAINTIFFS were informed by the Tax Assessor's office that they

5   received a refund because NATIONSTAR' had paid the property taxes before

6   PLAINTIFFS' check was received.

7

8       13.    In addition to the *authorized* monthly mortgage amount of $3899.58,

9   NATIONSTAR withdrew an additional *unauthorized* amount of $1447.79 from

10  PLAINTIFFS' checking account on July 15, 2014.  The $1447.79 was withdrawn

11

12  from PLAINTIFFS' account to purportedly pay back the escrow account set up by

13  NATIONSTAR as a result of the Modification Application, which was denied.

14

15      14.    NATIONSTAR erroneously set up PLAINTIFFS' account for

16  PLAINTIFFS to pay $1447.79 per month as an additional amount that

17  PLAINTIFFS owed in order to pay back the escrow account.  This was to include a

18

19  full year of property taxes and insurance.  NATIONSTAR, however, only paid one

20  property tax payment in the amount of $4151.69.

21

22      15.    When PLAINTIFFS realized that an additional $1447.79 had been

23  taken out of their account in July 2014, PLAINTIFFS immediately inquired of

24

25  NATIONSTAR.

26      16.    PLAINTIFFS were informed for the first time that an escrow had

27  been set up and that taxes were paid on PLAINTIFFS' behalf as a result.

28

PLAINTIFFS immediately requested of NATIONSTAR and its counsel that the escrow account be discontinued and PLAINTIFFS were given assurances that the account would be closed and restored as it had been before the Modification Application.

17.     On July 24, 2014, PLAINTIFFS received correspondence from NATIONSTAR, which indicated that the escrow account had, in fact, been closed and that since PLAINTIFFS owed NATIONSTAR only a remaining $2703.90 for the taxes paid on PLAINTIFFS' behalf, PLAINTIFFS could elect to pay an additional $225.32 per month for 12 months to reimburse NATIONSTAR starting September 1, 2014 or alternatively, pay a lump sum payment of $2703.90 *with no due date specified*. Attached hereto and incorporated herein by this reference as Exhibit "B" is a true and correct copy of the July 24, 2014 letter supplied by NATIONSTAR.

18.     On August 14, 2014 when PLAINTIFFS tried to make an electronic payment for their mortgage payment, in the amount of $3899.58—the usual and customary mortgage amount owed by PLAINTIFFS on the 10/1 ARM.

19.     Even though, according to the July 24, 2014 letter, the escrow had been removed, NATIONSTAR's website still reflected that PLAINTIFFS owed $5347.37 per month based on the previously set up escrow account and which

comprised the usual mortgage payment and the $1447.79 erroneous escrow account.

20.     On September 12, 2014, PLAINTIFFS attempted to again make a monthly mortgage payment and the same issue occurred. When PLAINTIFFS looked at the history on the account, it showed that an August mortgage payment had *NOT* been made, only that a transaction fee of $9.95 on August 14, 2014 was charged to PLAINTIFFS' account.

21.     PLAINTIFFS inquired of NATIONSTAR and found out that the August mortgage payment had not been credited to their account and instead, was in a "suspension" account.

22.     After numerous requests for NATIONSTAR to properly account for the August mortgage payment made to NATIONSTAR by PLAINTIFFS in August 2014, NATIONSTAR has failed and refused to properly account. Attached hereto and incorporated herein by this reference as Exhibit "C" is a true and correct copy of an email confirmation of payment by PLAINTIFFS of their August 2014 mortgage payment.

23.     PLAINTIFFS made their usual and customary mortgage payments of $3899.58 in September and October.

24.     However, as of the date of filing this Complaint, NATIONSTAR's on-line accounting still shows that an additional $1447.58 is due each month by PLAINTIFFS and that their account is in arrears.

25.     In addition, NATIONSTAR illegally and improperly negatively reported PLAINTIFFS to the credit reporting bureaus as 30-days late on their mortgage payments in violation of 15 U.S.C. §1681 Fair Credit Reporting Act ("FCRA") even though PLAINTIFFS timely and fully paid their mortgage payments.  Attached here to as Exhibit "D" is a true and correct copy of the pertinent portion of the Transunion Credit Report pulled by Plaintiff Lynn R. Levitan on October 15, 2014 which shows that NATIONSTAR reported her as 30 days late due to nonpayment of $1447, the amount that NATIONSTAR erroneously allocated as repayment to the escrow account.

## FIRST CLAIM FOR RELIEF

### (VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. §1681))

26.     PLAINTIFFS incorporate by reference the allegations in paragraphs 1-25, *supra*, as though set forth in herein.

27.     NATIONSTAR fraudulently induced PLANTIFFS to apply for a loan Modification under the guise that NATIONSTAR would equitably and properly consider PLAINTIFFS for a loan modification.

28.     In reliance on NATIONSTAR's representations, PLAINTIFFS submitted a Modification Application to NATIONSTAR.

29.     Based on NATIONSTAR's representations, PLAINTIFFS reasonably believed that NATIONSTAR would fairly evaluate their Modification Application.

30.     PLAINTIFFS had no reason to believe that NATIONSTAR would not fairly evaluate them for a loan modification.

31.     PLAINTIFFS made their mortgage payments to NATIONSTAR through auto pay, which authorized NATIONSTAR to only withdrawal the $3899.58 monthly mortgage payment from PLAINTIFFS' bank account.

32.     PLAINTIFFS' reasonably relied upon NATIONSTAR to use their banking information in a proper manner.

33.     Because PLAINTIFFS applied for a loan modification, and even though it was denied, NATIONSTAR improperly set up an escrow account for PLAINTIFFS' mortgage for payment by NATIONSTAR of PLAINTIFFS' property taxes and insurance.

34.     NATIONSTAR set up an unauthorized escrow account.

35.     Even if the escrow account was set up properly, which PLAINTIFFS deny, PLAINTIFFS never authorized NATIONSTAR to withdraw monies from their banking account in excess of their monthly mortgage payment.

36.    Notwithstanding, in July 2014, NATIONSTAR withdrew an additional $1447.58 from PLAINTIFFS' checking account, without PLAINTIFFS' authorization.

37.    PLAINTIFFS relied on NATIONSTAR in their representations that the escrow account would be terminated.  NATIONSTAR, however, still shows that PLAINTIFFS owe additional monies to pay back an escrow account.

38.    And, PLAINTIFFS' reasonably relied upon NATIONSTAR's representations then when PLAINTIFFS made a mortgage payment through the NATIONSTAR website, those payments would be credited toward PLAINTIFFS' mortgage instead of placed in a "suspension account".  There is no indication any where on NATIONSTAR's website that PLAINTIFFS made their August mortgage payment.

39.    NATIONSTAR did none of these things promised to PLAINTIFFS', placing PLAINTIFFS in default on their mortgage even though mortgage payments were made. NATIONSTAR misrepresented that it had closed PLAINTIFFS' escrow account and was crediting their mortgage payments.

40.    Instead, NATIONSTAR reported PLAINTIFFS to the credit reporting agencies as 30 days late on their mortgages, thus adversely affecting their credit and in violation of the FCRA.

41.     The negative reporting to the credit reporting agencies has caused several credit cards to lower PLAINTIFFS' credit line.  NATIONSTAR's actions have and will cause causing the snowball effect of PLAINTIFFS being unable to have access to cash and credit and putting them in imminent risk of losing their home, credit and employment.

42.     In addition, based on NATIONSTAR's conduct, PLAINTIFFS are unable to refinance their existing mortgages as their credit has been damaged.

43.     NATIONSTAR has refused to properly credit PLAINTIFFS' mortgage account.  NATIONSTAR has also failed to repair PLAINTIFFS' credit.

44.     Based on the foregoing, PLAINTIFFS have been significantly damaged by NATIONSTAR's bad acts in violation of 15 U.S.C. 1681 as set forth *supra*.

45.     As a result of NATIONSTAR's fraudulent acts, PLAINTIFFS sustained damages as set forth *supra*, and in an amount to be proven at trial, but not less than the jurisdictional limit of this Court, including but not limited to attorneys fees and costs and damages for pain and suffering and emotional distress.

## SECOND CLAIM FOR RELIEF

## (FRAUDULENT INDUCEMENT)

46.     PLAINTIFFS incorporate by reference the allegations in paragraphs 1-45, *supra*, as though set forth in herein.

47.     NATIONSTAR fraudulently induced PLANTIFFS to apply for a loan Modification under the guise that NATIONSTAR would equitably and properly consider PLAINTIFFS for a loan modification.

48.     In reliance on NATIONSTAR's representations, PLAINTIFFS submitted a Modification Application to NATIONSTAR.

49.     Based on NATIONSTAR's representations, PLAINTIFFS reasonably believed that NATIONSTAR would fairly evaluate their Modification Application.

50.     PLAINTIFFS had no reason to believe that NATIONSTAR would not fairly evaluate them for a loan modification.

51.     PLAINTIFFS made their mortgage payments to NATIONSTAR through auto pay, which authorized NATIONSTAR to only withdrawal the $3899.58 monthly mortgage payment from PLAINTIFFS' bank account.

52.     PLAINTIFFS' reasonably relied upon NATIONSTAR to use their banking information in a proper manner.

53.     Because PLAINTIFFS applied for a loan modification, and even though it was denied, NATIONSTAR improperly set up an escrow account for

PLAINTIFFS' mortgage for payment by NATIONSTAR of PLAINTIFFS' property taxes and insurance.

54.    NATIONSTAR set up an unauthorized escrow account.

55.    Even if the escrow account was set up properly, which PLAINTIFFS deny, PLAINTIFFS never authorized NATIONSTAR to withdraw monies from their banking account in excess of their monthly mortgage payment.

56.    Notwithstanding, in July 2014, NATIONSTAR withdrew an additional $1447.58 from PLAINTIFFS' checking account, without PLAINTIFFS' authorization.

57.    PLAINTIFFS relied on NATIONSTAR in their representations that the escrow account would be terminated.  NATIONSTAR, however, still shows that PLAINTIFFS owe additional monies to pay back an escrow account.

58.    And, PLAINTIFFS' reasonably relied upon NATIONSTAR's representations then when PLAINTIFFS made a mortgage payment through the NATIONSTAR website, those payments would be credited toward PLAINTIFFS' mortgage instead of placed in a "suspension account".  There is no indication any where on NATIONSTAR's website that PLAINTIFFS made their August mortgage payment.

59.    NATIONSTAR did none of these things promised to PLAINTIFFS', placing PLAINTIFFS in default on their mortgage even though mortgage payments

were made. NATIONSTAR misrepresented that it had closed PLAINTIFFS'

escrow account and was crediting their mortgage payments.

60.    Instead, NATIONSTAR reported PLAINTIFFS to the credit reporting

agencies as 30 days late on their mortgages, thus adversely affecting their credit and

in violation of the FCRA.

61.    The negative reporting to the credit reporting agencies has caused

several credit cards to lower PLAINTIFFS' credit line.  NATIONSTAR's actions

have and will cause causing the snowball effect of PLAINTIFFS being unable to

have access to cash and credit and putting them in imminent risk of losing their

home, credit and employment.

62.    In addition, based on NATIONSTAR's conduct, PLAINTIFFS are

unable to refinance their existing mortgages as their credit has been damaged.

63.    NATIONSTAR has refused to properly credit PLAINTIFFS' mortgage

account.  NATIONSTAR has also failed to repair PLAINTIFFS' credit.

64.    Based on the foregoing, PLAINTIFFS have been significantly

damaged by NATIONSTAR's bad acts in violation of 15 U.S.C. 1681 as set forth

*supra.*

65.    As a result of NATIONSTAR's fraudulent acts, PLAINTIFFS

sustained damages as set forth *supra,* and in an amount to be proven at trial, but not

1  less than the jurisdictional limit of this Court, including but not limited to attorneys

2  fees and costs and damages for pain and suffering and emotional distress.

### THIRD CLAIM FOR RELIEF

### (FRAUDULENT MISREPRESENTATIONS)

66.     PLAINTIFFS incorporate by reference the allegations in paragraphs 65, *supra*, as though set forth in herein.

67.     NATIONSTAR fraudulently induced PLANTIFFS to apply for a loan Modification under the guise that NATIONSTAR would equitably and properly consider PLAINTIFFS for a loan modification.

68.     In reliance on NATIONSTAR's representations, PLAINTIFFS submitted a Modification Application to NATIONSTAR.

69.     Based on NATIONSTAR's fraudulent misrepresentations, PLAINTIFFS reasonably believed that NATIONSTAR would fairly evaluate their Modification Application.

70.     PLAINTIFFS had no reason to believe that NATIONSTAR would not fairly evaluate them for a loan modification.

71.     PLAINTIFFS made their mortgage payments to NATIONSTAR through auto pay, which authorized NATIONSTAR to only withdrawal the $3899.58 monthly mortgage payment from PLAINTIFFS' bank account.

72.    PLAINTIFFS' reasonably relied upon NATIONSTAR to use their banking information in a proper manner.

73.    Because PLAINTIFFS applied for a loan modification, and even though it was denied, NATIONSTAR improperly set up an escrow account for PLAINTIFFS' mortgage for payment by NATIONSTAR of PLAINTIFFS' property taxes and insurance.

74.    NATIONSTAR set up an unauthorized escrow account.

75.    Even if the escrow account was set up properly, which PLAINTIFFS deny, PLAINTIFFS never authorized NATIONSTAR to withdraw monies from their banking account in excess of their monthly mortgage payment.

76.    Notwithstanding, in July 2014, NATIONSTAR withdrew an additional $1447.58 from PLAINTIFFS' checking account, without PLAINTIFFS' authorization.

77.    PLAINTIFFS relied on NATIONSTAR in their representations that the escrow account would be terminated.  NATIONSTAR, however, still shows that PLAINTIFFS owe additional monies to pay back an escrow account.

78.    And, PLAINTIFFS' reasonably relied upon NATIONSTAR's representations then when PLAINTIFFS made a mortgage payment through the NATIONSTAR website, those payments would be credited toward PLAINTIFFS' mortgage instead of placed in a "suspension account".  There is no indication any

where on NATIONSTAR's website that PLAINTIFFS made their August mortgage payment.

79.     NATIONSTAR did none of these things promised to PLAINTIFFS', placing PLAINTIFFS in default on their mortgage even though mortgage payments were made. NATIONSTAR misrepresented that it had closed PLAINTIFFS' escrow account and was crediting their mortgage payments.

80.     Instead, NATIONSTAR reported PLAINTIFFS to the credit reporting agencies as 30 days late on their mortgages, thus adversely affecting their credit and in violation of the FCRA.

81.     The negative reporting to the credit reporting agencies has caused several credit cards to lower PLAINTIFFS' credit line.  NATIONSTAR's actions have and will cause causing the snowball effect of PLAINTIFFS being unable to have access to cash and credit and putting them in imminent risk of losing their home, credit and employment.

82.     In addition, based on NATIONSTAR's conduct, PLAINTIFFS are unable to refinance their existing mortgages as their credit has been damaged.

83.     NATIONSTAR has refused to properly credit PLAINTIFFS' mortgage account.  NATIONSTAR has also failed to repair PLAINTIFFS' credit.

84.    Based on the foregoing, PLAINTIFFS have been significantly damaged by NATIONSTAR's bad acts in violation of 15 U.S.C. 1681 as set forth *supra*.

85.    As a result of NATIONSTAR's fraudulent acts, PLAINTIFFS sustained damages as set forth *supra,* and in an amount to be proven at trial, but not less than the jurisdictional limit of this Court, including but not limited to attorneys fees and costs and damages for pain and suffering and emotional distress.

## FOURTH CLAIM FOR RELIEF

## (NEGLIGENCE)

86.    PLAINTIFFS incorporate by reference the allegations in paragraphs 1-85, *supra*, as though set forth in herein.

87.    NATIONSTAR fraudulently induced PLANTIFFS to apply for a loan Modification under the guise that NATIONSTAR would equitably and properly consider PLAINTIFFS for a loan modification.

88.    In reliance on NATIONSTAR's representations, PLAINTIFFS submitted a Modification Application to NATIONSTAR.

89.    Based on NATIONSTAR's representations, PLAINTIFFS reasonably believed that NATIONSTAR would fairly evaluate their Modification Application.

90.    PLAINTIFFS had no reason to believe that NATIONSTAR would not fairly evaluate them for a loan modification.

91.   PLAINTIFFS made their mortgage payments to NATIONSTAR through auto pay, which authorized NATIONSTAR to only withdrawal the $3899.58 monthly mortgage payment from PLAINTIFFS' bank account.

92.   PLAINTIFFS' reasonably relied upon NATIONSTAR to use their banking information in a proper manner.

93.   Because PLAINTIFFS applied for a loan modification, and even though it was denied, NATIONSTAR improperly set up an escrow account for PLAINTIFFS' mortgage for payment by NATIONSTAR of PLAINTIFFS' property taxes and insurance.

94.   NATIONSTAR set up an unauthorized escrow account.

95.   Even if the escrow account was set up properly, which PLAINTIFFS deny, PLAINTIFFS never authorized NATIONSTAR to withdraw monies from their banking account in excess of their monthly mortgage payment.

96.   Notwithstanding, in July 2014, NATIONSTAR withdrew an additional $1447.58 from PLAINTIFFS' checking account, without PLAINTIFFS' authorization.

97.   PLAINTIFFS relied on NATIONSTAR in their representations that the escrow account would be terminated.  NATIONSTAR, however, still shows that PLAINTIFFS owe additional monies to pay back an escrow account.

98.     NATIONSTAR, as PLAINTIFFS' loan servicer, had a duty to PLAINTIFFS to not improperly take funds out of their account, to conduct a proper accounting of their account, and not to improperly and fraudulently report PLAINTIFFS as 30 days late to the credit reporting agencies.

99.     PLAINTIFFS' reasonably relied upon NATIONSTAR's representations then when PLAINTIFFS made a mortgage payment through the NATIONSTAR website, those payments would be credited toward PLAINTIFFS' mortgage instead of placed in a "suspension account". There is no indication any where on NATIONSTAR's website that PLAINTIFFS made their August mortgage payment.

100.    NATIONSTAR negligently did none of these things promised to PLAINTIFFS', placing PLAINTIFFS in default on their mortgage even though mortgage payments were made. NATIONSTAR misrepresented that it had closed PLAINTIFFS' escrow account and was crediting their mortgage payments.

101.    Instead, NATIONSTAR reported PLAINTIFFS to the credit reporting agencies as 30 days late on their mortgages, thus adversely affecting their credit and in violation of the FCRA.

102.    The negative reporting to the credit reporting agencies has caused several credit cards to lower PLAINTIFFS' credit line. NATIONSTAR's actions have and will cause causing the snowball effect of PLAINTIFFS being unable to

have access to cash and credit and putting them in imminent risk of losing their home, credit and employment.

103.   In addition, based on NATIONSTAR's conduct, PLAINTIFFS are unable to refinance their existing mortgages as their credit has been damaged.

104.   NATIONSTAR has refused to properly credit PLAINTIFFS' mortgage account.  NATIONSTAR has also failed to repair PLAINTIFFS' credit.

105.   Based on the foregoing, PLAINTIFFS have been significantly damaged by NATIONSTAR's bad acts in violation of 15 U.S.C. 1681 as set forth *supra*.

106.   As a result of NATIONSTAR's fraudulent acts, PLAINTIFFS sustained damages as set forth *supra*, and in an amount to be proven at trial, but not less than the jurisdictional limit of this Court, including but not limited to attorneys fees and costs and damages for pain and suffering and emotional distress.

### FIFTH CLAIM FOR RELIEF

### VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200

### (FRAUDULENT BUSINESS PRACTICES)

107.   PLAINTIFFS incorporate by reference the allegations in paragraphs 1-106, *supra*, as though set forth in herein.

108.   NATIONSTAR has engaged in acts or practices that constitute fraudulent business practices, as that term is defined in Section 17200 of the

Business and Professions Code.  Such acts or practices include, but are not limited to, the following:

109.   NATIONSTAR fraudulently induced PLANTIFFS to apply for a loan Modification under the guise that NATIONSTAR would equitably and properly consider PLAINTIFFS for a loan modification.

110.   In reliance on NATIONSTAR's representations, PLAINTIFFS submitted a Modification Application to NATIONSTAR.

111.   Based on NATIONSTAR's representations, PLAINTIFFS reasonably believed that NATIONSTAR would fairly evaluate their Modification Application.

112.   PLAINTIFFS had no reason to believe that NATIONSTAR would not fairly evaluate them for a loan modification.

113.   PLAINTIFFS made their mortgage payments to NATIONSTAR through auto pay, which authorized NATIONSTAR to only withdrawal the $3899.58 monthly mortgage payment from PLAINTIFFS' bank account.

114.   PLAINTIFFS' reasonably relied upon NATIONSTAR to use their banking information in a proper manner.

115.   Because PLAINTIFFS applied for a loan modification, and even though it was denied, NATIONSTAR improperly set up an escrow account for PLAINTIFFS' mortgage for payment by NATIONSTAR of PLAINTIFFS' property taxes and insurance.

116.   NATIONSTAR set up an unauthorized escrow account.

117.   Even if the escrow account was set up properly, which PLAINTIFFS deny, PLAINTIFFS never authorized NATIONSTAR to withdraw monies from their banking account in excess of their monthly mortgage payment.

118.   Notwithstanding, in July 2014, NATIONSTAR withdrew an additional $1447.58 from PLAINTIFFS' checking account, without PLAINTIFFS' authorization.

119.   PLAINTIFFS relied on NATIONSTAR in their representations that the escrow account would be terminated.  NATIONSTAR, however, still shows that PLAINTIFFS owe additional monies to pay back an escrow account.

120.   And, PLAINTIFFS' reasonably relied upon NATIONSTAR's representations then when PLAINTIFFS made a mortgage payment through the NATIONSTAR website, those payments would be credited toward PLAINTIFFS' mortgage instead of placed in a "suspension account".  There is no indication any where on NATIONSTAR's website that PLAINTIFFS made their August mortgage payment.

121.   NATIONSTAR did none of these things promised to PLAINTIFFS', placing PLAINTIFFS in default on their mortgage even though mortgage payments were made. NATIONSTAR misrepresented that it had closed PLAINTIFFS' escrow account and was crediting their mortgage payments.

122.   Instead, NATIONSTAR reported PLAINTIFFS to the credit reporting agencies as 30 days late on their mortgages, thus adversely affecting their credit and in violation of the FCRA.

123.   The negative reporting to the credit reporting agencies has caused several credit cards to lower PLAINTIFFS' credit line.  NATIONSTAR's actions have and will cause causing the snowball effect of PLAINTIFFS being unable to have access to cash and credit and putting them in imminent risk of losing their home, credit and employment.

124.   In addition, based on NATIONSTAR's conduct, PLAINTIFFS are unable to refinance their existing mortgages as their credit has been damaged.

125.   NATIONSTAR has refused to properly credit PLAINTIFFS' mortgage account.  NATIONSTAR has also failed to repair PLAINTIFFS' credit.

126.   Based on the foregoing, PLAINTIFFS have been significantly damaged by NATIONSTAR's bad acts in violation of 15 U.S.C. 1681 as set forth *supra.*

127.   As a result of NATIONSTAR's fraudulent acts, PLAINTIFFS sustained damages as set forth *supra,* and in an amount to be proven at trial, but not less than the jurisdictional limit of this Court, including but not limited to attorneys fees and costs and damages for pain and suffering and emotional distress.

**SIXTH CLAIM FOR RELIEF**

**VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200**

**(UNFAIR BUSINESS PRACTICES)**

128.   PLAINTIFFS incorporate by reference the allegations in paragraphs 1-127, *supra*, as though set forth in herein.

129.   NATIONSTAR has engaged in acts or practices that constitute fraudulent business practices, as that term is defined in Section 17200 of the Business and Professions Code.  Such acts or practices include, but are not limited to, the following:

130.   NATIONSTAR fraudulently induced PLANTIFFS to apply for a loan Modification under the guise that NATIONSTAR would equitably and properly consider PLAINTIFFS for a loan modification.

131.   In reliance on NATIONSTAR's representations, PLAINTIFFS submitted a Modification Application to NATIONSTAR.

132.   Based on NATIONSTAR's representations, PLAINTIFFS reasonably believed that NATIONSTAR would fairly evaluate their Modification Application.

133.   PLAINTIFFS had no reason to believe that NATIONSTAR would not fairly evaluate them for a loan modification.

134.   PLAINTIFFS made their mortgage payments to NATIONSTAR through auto pay, which authorized NATIONSTAR to only withdrawal the $3899.58 monthly mortgage payment from PLAINTIFFS' bank account.

135.   PLAINTIFFS' reasonably relied upon NATIONSTAR to use their banking information in a proper manner.

136.   Because PLAINTIFFS applied for a loan modification, and even though it was denied, NATIONSTAR improperly set up an escrow account for PLAINTIFFS' mortgage for payment by NATIONSTAR of PLAINTIFFS' property taxes and insurance.

137.   NATIONSTAR set up an unauthorized escrow account.

138.   Even if the escrow account was set up properly, which PLAINTIFFS deny, PLAINTIFFS never authorized NATIONSTAR to withdraw monies from their banking account in excess of their monthly mortgage payment.

139.   Notwithstanding, in July 2014, NATIONSTAR withdrew an additional $1447.58 from PLAINTIFFS' checking account, without PLAINTIFFS' authorization.

140.   PLAINTIFFS relied on NATIONSTAR in their representations that the escrow account would be terminated.  NATIONSTAR, however, still shows that PLAINTIFFS owe additional monies to pay back an escrow account.

141.   And, PLAINTIFFS' reasonably relied upon NATIONSTAR's representations then when PLAINTIFFS made a mortgage payment through the NATIONSTAR website, those payments would be credited toward PLAINTIFFS' mortgage instead of placed in a "suspension account".  There is no indication any where on NATIONSTAR's website that PLAINTIFFS made their August mortgage payment.

142.   NATIONSTAR did none of these things promised to PLAINTIFFS', placing PLAINTIFFS in default on their mortgage even though mortgage payments were made. NATIONSTAR misrepresented that it had closed PLAINTIFFS' escrow account and was crediting their mortgage payments.

143.   Instead, NATIONSTAR reported PLAINTIFFS to the credit reporting agencies as 30 days late on their mortgages, thus adversely affecting their credit and in violation of the FCRA.

144.   The negative reporting to the credit reporting agencies has caused several credit cards to lower PLAINTIFFS' credit line.  NATIONSTAR's actions have and will cause causing the snowball effect of PLAINTIFFS being unable to have access to cash and credit and putting them in imminent risk of losing their home, credit and employment.

145.   In addition, based on NATIONSTAR's conduct, PLAINTIFFS are unable to refinance their existing mortgages as their credit has been damaged.

146.   NATIONSTAR has refused to properly credit PLAINTIFFS' mortgage account.  NATIONSTAR has also failed to repair PLAINTIFFS' credit.

147.   Based on the foregoing, PLAINTIFFS have been significantly damaged by NATIONSTAR's bad acts in violation of 15 U.S.C. 1681 as set forth *supra*.

148.   As a result of NATIONSTAR's fraudulent acts, PLAINTIFFS sustained damages as set forth *supra,* and in an amount to be proven at trial, but not less than the jurisdictional limit of this Court, including but not limited to attorneys fees and costs and damages for pain and suffering and emotional distress.

## PRAYER FOR JUDGMENT

WHEREFORE, PLAINTIFFS pray for judgment against Defendant NATIONSTAR MORTGAGE, LLC as follows:

1.   For compensatory damages;

2.   For actual damages;

3.   For an award of punitive or exemplary damages in an amount this Court deems just and proper;

4.    Damages for pain and suffering and emotional distress;

5.    For attorneys' fees and costs incurred herein; and

6.    For all further relief the Court deems proper and just.

Respectfully submitted,

Dated: _11/10/14_

Lynn R. Levitan, Esq.
Attorney for PLAINTIFFS
JORDAN R. GOLDBERG and LYNN
R. LEVITAN

# DEMAND FOR JURY TRIAL

PLAINTIFFS respectfully demand a jury trial in this matter.

Respectfully submitted,

Dated: 11/10/14

Lynn R. Levitan, Esq.
Attorney for PLAINTIFFS
JORDAN R. GOLDBERG and LYNN
R. LEVITAN

EXHIBIT A



### Mandatory Document Check List Guidelines:

❖ **Request for Mortgage Assistance ( RMA):**
   1. Borrower and Co-Borrower information
   2. Hardship Affidavit
   3. Income/Expenses for your household
   4. Information for Government Monitoring Purposes
   5. Dodd-Frank
   6. Most Recent Signed Copy of Tax return 1040 including all schedules

❖ **Documents Required due to employment status:**
   1. 2 Most recent consecutive  pay stubs within in the last 90 days
   2. Most Recent P&L year to date
   3. Current award letter for fixed income/child support/alimony /unemployment showing start date and maximum weekly benefits amounts if applicable.

❖ **Documents Required to Income-related statuses:**
   1. Current Lease Agreement for rental income
   2. Proof of receipt of income with  2 months bank statement verifying deposits
   3. Schedule 1065
   4. Schedule 1020S/1120S
   5. IRS W2 or 1099
   6. Recorded Divorce Decree, Separation agreement, Official Death Certificate, Quit claim deed,  or other type of legal written agreement
   7. Proof of HOA documentation showing amount and frequency of payment



www.NationstarMtg.com

2-692-75901-0000347-001-2-000-000-000-000

**HELPING YOU STAY IN YOUR HOME.**   MAKING HOME AFFORDABLE



*You may be able to make your payments more affordable.*
*Act now to get the help you need!*

Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to begin the evaluation process. Please note that during this evaluation period, your home will not be referred to foreclosure or if your loan has been previously referred to foreclosure, we will continue the foreclosure process while we evaluate your loan for HAMP. However, **no foreclosure sale will be conducted and you will not lose your home** during the HAMP evaluation. In order to be considered for this program, these documents must be returned.

**I. Request for Mortgage Assistance (RMA)**
This form incorporates all necessary information required for the Home Affordable Modification Program. The form must be signed, dated and returned. The sections to be completed are:

- Borrower and Co-Borrower Information
- Hardship Affidavit - this section explains the circumstances that have or will make it difficult for you to stay up-to-date with your mortgage payments. There is no notary required and you need not be currently delinquent on your loan.
- Income/Expenses for your household
- Information For Government Monitoring Purposes

**II. IRS 4506T-EZ Request for Transcript of Tax Return Form**
This form allows Nationstar Mortgage to order a transcript of your most recent tax return for income verification purposes if you are unable to provide a signed copy of the return. The form must be signed, dated, and returned.

**III. Additional Documentation (if applicable)**
The additional documentation listed below should be sent in along with the Request for Mortgage Assistance (RMA) form and the IRS 4506T-EZ Request for Transcript of Tax Return.

- *For each borrower who is a wage earner (salaried) employee:*
  - Copy of the most recent filed federal tax return with all schedules; and
  - Copy of the two most recent pay stubs.
- *For each borrower who is self-employed:*
  - Copy of the most recent filed federal tax return with all schedules, and
  - Copy of the most recent quarterly or year-to-date profit/loss statement.

2-892-75901-0000347-001-3-000-000-000-000

- *For each borrower who has income such as social security, disability or death benefits, pension, public assistance, or unemployment:*
  - ➤ Copy of most recent federal tax return with all schedules and W-2 forms.
  - ➤ Copy of benefits statement or letter from the provider that states the amount, frequency and duration of the benefit.
    - Public assistance or unemployment benefits must continue for at least nine (9) months to be considered for qualifying income under this program.
  - ➤ Proof of receipt of income such as two months bank statements showing deposit amounts.
- *For each borrower who is relying on alimony or child support as qualifying income:*
  - ➤ Copy of divorce decree, separation agreement or other written agreement or decree that states the amount of the alimony or child support and period of time over which it will be received.
  - ➤ Proof of receipt of income such as two months bank statements showing deposit amounts.
- *For each borrower who is relying on income from a boarder in the property:*
  - ➤ Copy of rental / lease agreement.
  - ➤ Proof of receipt of income such as two months bank statements showing deposit amounts or cancelled checks.
- *For each borrower who is relying on income from a separate rental property:*
  - ➤ Copy of most recent filed federal tax return with Schedule E.
  - ➤ Copy of rental / lease agreement.
  - ➤ Proof of receipt of income such as two months bank statements showing deposit amounts or cancelled checks.

Please send the documents to Nationstar Mortgage LLC one of two ways:

**By mail:**  Nationstar Mortgage LLC
Attn: Making Home Affordable Loan Modification Processing Unit
P.O. Box 630268
Irving, TX 75063

**By fax:**  1-214-488-1993

Sincerely,

Nationstar Mortgage LLC

This is an attempt to collect a debt and any information obtained may be used for that purpose.

**If you have any questions about Home Affordable Modification, you can call** the Homeowner's HOPE™ Hotline at **1-888-995-HOPE (4673).** This Hotline can help with questions about the program and offers access to free HUD-certified counseling services in English and Spanish.

Attachments: Request for Mortgage Assistance (RMA); IRS 4506T-EZ Request

2-692-75901-0000347-001-4-000-000-000-000

## Making Home Affordable Program
## Request For Mortgage Assistance (RMA)



If you are experiencing a financial hardship and need help, you must complete and submit this form along with other required documentation to be considered for foreclosure prevention options under the Making Home Affordable (MHA) Program. You must provide information about yourself and your intentions to either keep or transition out of your property; a description of the hardship that prevents you from paying your mortgage(s); information about all of your income, expenses and financial assets; whether you have declared bankruptcy; and information about the mortgage(s) on your principal residence and other single family real estate that you own. Finally, you will need to return to your loan servicer (1) this completed, signed and dated Request for Mortgage Assistance (RMA); and (2) completed and signed IRS Form 4506-T or 4506T-EZ; and (3) all required income documentation identified in Section 4.

**When you sign and date this form, you will make important certifications, representations and agreements, including certifying that all of the information in this RMA is accurate and truthful.**

### SECTION 1: BORROWER INFORMATION

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER'S NAME | CO-BORROWER'S NAME |
| SOCIAL SECURITY NUMBER      DATE OF BIRTH (MM/DD/YY) | SOCIAL SECURITY NUMBER      DATE OF BIRTH (MM/DD/YY) |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| CELL OR WORK NUMBER WITH AREA CODE | CELL OR WORK NUMBER WITH AREA CODE |
| MAILING ADDRESS | MAILING ADDRESS (IF SAME AS BORROWER, WRITE "SAME") |
| EMAIL ADDRESS | EMAIL ADDRESS |

| | |
|---|---|
| Has any borrower filed for bankruptcy?  ☐ Chapter 7   ☐ Chapter 13 | Is any borrower a servicemember?   ☐ Yes   ☐ No |
| Filing Date: _____   Bankruptcy case number: _____ <br> Has your bankruptcy been discharged?   ☐ Yes   ☐ No | Have you recently been deployed away from your principal residence or recently received a permanent change of station order?   ☐ Yes   ☐ No |

How many single family properties other than your principal residence do you and/or any co-borrower(s) own individually, jointly, or with others?  _____

Has the mortgage on your principal residence ever had a Home Affordable Modification Program (HAMP) trial period plan or permanent modification?   ☐ Yes   ☐ No

Has the mortgage on any other property that you or any co-borrower own had a permanent HAMP modification?   ☐ Yes   ☐ No   If "Yes", how many? _____

Are you or any co-borrower currently in or being considered for a HAMP trial period plan on a property other than your principal residence?   ☐ Yes   ☐ No

### SECTION 2: HARDSHIP AFFIDAVIT

**I (We) am/are requesting review under MHA.**
**I am having difficulty making my monthly payment because of financial difficulties created by (check all that apply):**

| | | | |
|---|---|---|---|
| ☐ | My household income has been reduced. For example: reduced pay or hours, decline in business or self-employment earnings, death, disability or divorce of a borrower or co-borrower. | ☐ | My monthly debt payments are excessive and I am overextended with my creditors. Debt includes credit cards, home equity or other debt. |
| ☐ | My expenses have increased. For example: monthly mortgage payment reset, high medical or health care costs, uninsured losses, increased utilities or property taxes. | ☐ | My cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time. |
| ☐ | I am unemployed and (a) I am receiving/will receive unemployment benefits or (b) my unemployment benefits ended less than 6 months ago. | | Other: |

Explanation (continue on a separate sheet of paper if necessary):

03/30/12

2-692-75901-0000347-001-5-000-000-000-000

## SECTION 3: PRINCIPAL RESIDENCE INFORMATION
### (This section is required even if you are not seeking mortgage assistance on your principal residence)

I am requesting mortgage assistance with my principal residence ☐ Yes ☐ No
If "Yes", I want to: ☐ Keep the property ☐ Sell the property

Property Address: _____ Loan I.D. Number: _____

Other mortgages or liens on the property? ☐ Yes ☐ No    Lien Holder/Servicer Name: _____    Loan I.D. Number: _____

Do you have condominium or homeowner association (HOA) fees? ☐ Yes ☐ No   If "Yes", Monthly Fee $_____ Are fees paid current? ☐ Yes ☐ No

Name and address that fees are paid to: _____

Does your mortgage payment include taxes and insurance? ☐ Yes ☐ No   If "No", are the taxes and insurance paid current? ☐ Yes ☐ No

Annual Homeowners Insurance $ _____

Is the property listed for sale? ☐ Yes ☐ No    If "Yes", Listing Agent's Name: _____    Phone Number: _____

List date? _____   Have you received a purchase offer? ☐ Yes ☐ No    Amount of Offer $_____    Closing Date: _____

**Complete this section ONLY if you are requesting mortgage assistance with a property that is not your principal residence.**

Principal residence servicer name: _____    Principal residence servicer phone number: _____

Is the mortgage on your principal residence paid? ☐ Yes ☐ No    If "No", number of months your payment is past due (if known): _____

## SECTION 4: COMBINED INCOME AND EXPENSE OF BORROWER AND CO-BORROWER

| Monthly Household Income | | Monthly Household Expenses/Debt (*Principal Residence Expense Only) | | Household Assets | |
|---|---|---|---|---|---|
| Monthly Gross wages | $ | First Mortgage Principal & Interest Payment* | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Principal & Interest Payment* | $ | Checking Account(s) | $ |
| Self employment Income | $ | Homeowner's Insurance* | $ | Savings / Money Market | $ |
| Unemployment Income | $ | Property Taxes* | $ | CDs | $ |
| Untaxed Social Security / SSD | $ | HOA/Condo Fees* | $ | Stocks / Bonds | $ |
| Food Stamps/Welfare | $ | Credit Cards/Installment debt (total min. payment) | $ | Other Cash on Hand | $ |
| Taxable Social Security or retirement Income | $ | Child Support / Alimony | $ | | |
| Child Support / Alimony** | $ | Car Payments | $ | | |
| Tips, commissions, bonus and overtime | $ | Mortgage Payments other properties**** | $ | | |
| Gross Rents Received *** | $ | Other | $ | Value of all Real Estate except principal residence | $ |
| Other | $ | | | Other | $ |
| Total (Gross Income) | $ | Total Debt/Expenses | $ | Total Assets | $ |

** Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt.
*** Include rental income received from all properties you own EXCEPT a property for which you are seeking mortgage assistance in Section 6.
**** Include mortgage payments on all properties you own EXCEPT your principal residence and the property for which you are seeking mortgage assistance in Section 6.

03/30/12

2-692-75901-0000347-001-6-000-000-000-000

| Required Income Documentation | |
|---|---|
| (Your servicer may request additional documentation to complete your evaluation for MHA) | |
| **All Borrowers** | ☐ Include a signed IRS Form 4506-T or 4506T-EZ |
| ☐ Do you earn a wage? <br><br> Borrower Hire Date (MM/DD/YY) _____ <br> Co-Borrower Hire Date (MM/DD/YY) _____ | ☐ For each borrower who is a salaried employee or hourly wage earner, provide the most recent pay stub(s) that reflects at least 30 days of year-to-date income. |
| ☐ Are you self-employed? | ☐ Provide your most recent signed and dated quarterly or year-to-date profit and loss statement. |
| ☐ Do you receive tips, commissions, bonuses, housing allowance or overtime? | ☐ Describe the type of income, how frequently you receive the income and third party documentation describing the income (e.g., employment contracts or printouts documenting tip income). |
| ☐ Do you receive social security, disability, death benefits, pension, public assistance or adoption assistance? | ☐ Provide documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider and receipt of payment (such as two most recent bank statements or deposit advices). |
| ☐ Do you receive alimony, child support, or separation maintenance payments? | ☐ Provide a copy of the divorce decree, separation agreement, or other written legal agreement filed with the court that states the amount of the payments and the period of time that you are entitled to receive them. AND <br><br> ☐ Copies of your two most recent bank statements or deposit advices showing you have received payment. <br><br> Notice: Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt. |
| ☐ Do you have income from rental properties that are not your principal residence? | ☐ Provide your most recent Federal Tax return with all schedules, including Schedule E. <br><br> ☐ If rental income is not reported on Schedule E, provide a copy of the current lease agreement with bank statements showing deposit of rent checks. |

## SECTION 5: OTHER PROPERTIES OWNED
(You must provide information about all properties that you or the co-borrower own, other than your principal residence and any property described in Section 6 below. Use additional sheets if necessary.)

### Other Property #1

Property Address: _____  Loan I.D. Number: _____

Servicer Name: _____  Mortgage Balance $ _____  Current Value $ _____

Property Is: ☐ Vacant  ☐ Second or seasonal home  ☐ Rented  Gross Monthly Rent $ _____  Monthly mortgage payment* $_____

### Other Property #2

Property Address: _____  Loan I.D. Number: _____

Servicer Name: _____  Mortgage Balance $ _____  Current Value $ _____

Property Is: ☐ Vacant  ☐ Second or seasonal home  ☐ Rented  Gross Monthly Rent $ _____  Monthly mortgage payment* $_____

### Other Property #3

Property Address: _____  Loan I.D. Number: _____

Servicer Name: _____  Mortgage Balance $ _____  Current Value $ _____

Property Is: ☐ Vacant  ☐ Second or seasonal home  ☐ Rented  Gross Monthly Rent $ _____  Monthly mortgage payment* $_____

\* The amount of the monthly payment made to your lender – including, if applicable, monthly principal, interest, real property taxes and insurance premiums.

03/30/12

## SECTION 6: OTHER PROPERTY FOR WHICH ASSISTANCE IS REQUESTED
(Complete this section ONLY if you are requesting mortgage assistance with a property that is not your principal residence)

I am requesting mortgage assistance with a rental property.   ☐ Yes   ☐ No

I am requesting mortgage assistance with a second or seasonal home.   ☐ Yes   ☐ No

If "Yes" to either, I want to:   ☐ Keep the property   ☐ Sell the property

Property Address: _____   Loan I.D. Number: _____

Do you have a second mortgage on the property   ☐ Yes   ☐ No   If "Yes", Servicer Name: _____   Loan I.D. Number: _____

Do you have condominium or homeowner association (HOA) fees?   ☐ Yes   ☐ No   If "Yes", Monthly Fee $ _____   Are HOA fees paid current?   ☐ Yes ☐ No

Name and address that fees are paid to: _____

Does your mortgage payment include taxes and insurance?   ☐ Yes   ☐ No   If "No", are the taxes and insurance paid current?   ☐ Yes   ☐ No

Annual Homeowners Insurance  $ _____   Annual Property Taxes $ _____

If requesting assistance with a rental property, property is currently:   ☐ Vacant and available for rent.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☐ Occupied without rent by your legal dependent, parent or grandparent as their principal residence.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☐ Occupied as a tenant as their principal residence.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☐ Other _____

If rental property is occupied by a tenant: Term of lease / occupancy __ / __ / ____ – __ / __ / ____  Gross Monthly Rent $_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY　 MM / DD / YYYY

If rental property is vacant, describe efforts to rent property: _____

If applicable, describe relationship of and duration of non-rent paying occupant of rental property: _____

Is the property for sale?   ☐ Yes   ☐ No   If "Yes", Listing Agent's Name: _____   Phone Number: _____

List date? _____   Have you received a purchase offer?   ☐ Yes ☐ No   Amount of Offer $ _____   Closing Date: _____

---

## RENTAL PROPERTY CERTIFICATION
(You must complete this certification if you are requesting a mortgage modification with respect to a rental property.)

☐   By checking this box and initialing below, I am requesting a mortgage modification under MHA with respect to the rental property described in this Section 6 and I hereby certify under penalty of perjury that each of the following statements is true and correct with respect to that property:

1. I intend to rent the property to a tenant or tenants for at least five years following the effective date of my mortgage modification. I understand that the servicer, the U.S. Department of the Treasury, or their respective agents may ask me to provide evidence of my intention to rent the property during such time. I further understand that such evidence must show that I used reasonable efforts to rent the property to a tenant or tenants on a year-round basis, if the property is or becomes vacant during such five-year period.

   Note: The term "reasonable efforts" includes, without limitation, advertising the property for rent in local newspapers, websites or other commonly used forms of written or electronic media, and/or engaging a real estate or other professional to assist in renting the property, in either case, at or below market rent.

2. The property is not my secondary residence and I do not intend to use the property as a secondary residence for at least five years following the effective date of my mortgage modification. I understand that if I do use the property as a secondary residence during such five-year period, my use of the property may be considered to be inconsistent with the certifications I have made herein.

   Note: The term "secondary residence" includes, without limitation, a second home, vacation home or other type of residence that I personally use or occupy on a part-time, seasonal or other basis.

3. I do not own more than five (5) single-family homes (i.e., one-to-four unit properties) (exclusive of my principal residence).

   **Notwithstanding the foregoing certifications, I may at any time sell the property, occupy it as my principal residence, or permit my legal dependent, parent or grandparent to occupy it as their principal residence with no rent charged or collected, none of which will be considered to be inconsistent with the certifications made herein.**

   This certification is effective on the earlier of the date listed below or the date the RMA is received by your servicer.

   Initials: Borrower _____   Co-borrower _____

03/30/12

2-692-75901-0000347-001-8-000-000-000-000

## SECTION 7: DODD-FRANK CERTIFICATION

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). You are required to furnish this information. The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 et seq.), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (A) felony larceny, theft, fraud, or forgery, (B) money laundering or (C) tax evasion.

I/we certify under penalty of perjury that I/we have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction:

    (a) felony larceny, theft, fraud, or forgery,
    (b) money laundering or
    (c) tax evasion.

I/we understand that the servicer, the U.S. Department of the Treasury, or their respective agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I/we have not been convicted of such crimes. I/we also understand that knowingly submitting false information may violate Federal law. This certification is effective on the earlier of the date listed below or the date this RMA is received by your servicer.

## SECTION 8: INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if you have made this request for a loan modification in person. If you do not wish to furnish the information, please check the box below.

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino<br>☐ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino<br>☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | Race: | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White |
| Sex: | ☐ Female<br>☐ Male | Sex: | ☐ Female<br>☐ Male |

| To be completed by Interviewer | | Name/Address of Interviewer's Employer |
|---|---|---|
| This request was taken by:<br>☐ Face-to-face Interview<br>☐ Mail<br>☐ Telephone<br>☐ Internet | Interviewer's Name (print or type) & ID Number | |
| | Interviewer's Signature    Date | |
| | Interviewer's Phone Number (include area code) | |

03/30/12

## SECTION 9: BORROWER AND CO-BORROWER ACKNOWLEDGEMENT AND AGREEMENT

1. I certify that all of the information in this RMA is truthful and the hardship(s) identified above has contributed to submission of this request for mortgage relief.

2. I understand and acknowledge that the Servicer, the U.S. Department of the Treasury, the owner or guarantor of my mortgage loan, or their respective agents may investigate the accuracy of my statements, may require me to provide additional supporting documentation and that knowingly submitting false information may violate Federal and other applicable law.

3. I authorize and give permission to the Servicer, the U.S. Department of the Treasury, and their respective agents, to assemble and use a current consumer report on all borrowers obligated on the loan, to investigate each borrower's eligibility for MHA and the accuracy of my statements and any documentation that I provide in connection with my request for assistance. I understand that these consumer reports may include, without limitation, a credit report, and be assembled and used at any point during the application process to assess each borrower's eligibility thereafter.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or if it is determined that any of my statements or any information contained in the documentation that I provide are materially false and that I was ineligible for assistance under MHA, the Servicer, the U.S. Department of the Treasury, or their respective agents may terminate my participation in MHA, including any right to future benefits and incentives that otherwise would have been available under the program, and also may seek other remedies available at law and in equity, such as recouping any benefits or incentives previously received.

5. I certify that any property for which I am requesting assistance is a habitable residential property that is not subject to a condemnation notice.

6. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.

7. I understand that the Servicer will use the information I provide to evaluate my eligibility for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.

8. I am willing to commit to credit counseling if it is determined that my financial hardship is related to excessive debt.

9. If I am eligible for assistance under MHA, and I accept and agree to all terms of an MHA notice, plan, or agreement, I also agree that the terms of this Acknowledgment and Agreement are incorporated into such notice, plan, or agreement by reference as if set forth therein in full. My first timely payment, if required, following my servicer's determination and notification of my eligibility or prequalification for MHA assistance will serve as my acceptance of the terms set forth in the notice, plan, or agreement sent to me.

10. I understand that my Servicer will collect and record personal information that I submit in this RMA and during the evaluation process, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about my account balances and activity. I understand and consent to the Servicer's disclosure of my personal information and the terms of any MHA notice, plan or agreement to the U.S. Department of the Treasury and its agents, Fannie Mae and Freddie Mac in connection with their responsibilities under MHA, companies that perform support services in conjunction with MHA, any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) and to any HUD-certified housing counselor.

11. I consent to being contacted concerning this request for mortgage assistance at any e-mail address or cellular or mobile telephone number I have provided to the Servicer. This includes text messages and telephone calls to my cellular or mobile telephone.

12. I understand that if my monthly payment did not include escrow for taxes and insurance, I will now be required to do so. I understand that any prior waiver that allowed me to pay directly for taxes and insurance is revoked. I agree to establish an escrow account and to pay required escrows into that account.

The undersigned certifies under penalty of perjury that all statements in this document are true and correct.

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Borrower Signature | Social Security Number | Date of Birth | Date |
| | | | |
| _____ | _____ | _____ | _____ |
| Co-Borrower Signature | Social Security Number | Date of Birth | Date |

03/30/12

2-692-75901-0000347-001-10-000-000-000-000

## HOMEOWNER'S HOTLINE

*If you have questions about this document or the Making Home Affordable Program, please call your servicer. If you have questions about the program that your servicer cannot answer or need further counseling, you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673).*

*The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.*



## NOTICE TO BORROWERS

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy of your property, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to my Servicer in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov and provide them with your name, our name as your servicer, your property address, loan number and the reason for escalation. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.

### Beware of Foreclosure Rescue Scams. Help is FREE!

- There is never a fee to get assistance or information about the Making Home Affordable Program from your lender or a HUD-approved housing counselor.
- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.
- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
- Never make your mortgage payments to anyone other than your mortgage company without their approval.



03/30/12

2-692-75901-0000347-001-11-000-000-000-000

| Form **4506T-EZ** | **Short Form Request for Individual Tax Return Transcript** | OMB No. 1545-2154 |
|---|---|---|

(Rev. January 2012)

Department of the Treasury
Internal Revenue Service

▶ **Request may not be processed if the form is incomplete or illegible**

**Tip.** Use Form 4506T-EZ to order a 1040 series tax return transcript free of charge, or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

**1a** Name shown on tax return. If a joint return, enter the name shown first.

**1b** First social security number or individual taxpayer identification number on tax return

**2a** If a joint return, enter spouse's name shown on tax return

**2b** Second social security number or individual taxpayer identification number if joint tax return

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the transcript is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax information.

Third party name

**Nationstar Mortgage**

Telephone number

Address (including apt., room, or suite no.), city, state, and ZIP code

**P.O. Box 630268, Irving, TX 75063**

**Caution.** If the tax transcript is being mailed to a third party, ensure that you have filed in line 6 before signing. Sign and date the form once you have filled in this line. Completing this step helps to protect your privacy. Once the IRS discloses your IRS transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6** Year(s) requested. Enter the year(s) of the return transcript you are requesting (for example, "2008"). Most requests will be processed within 10 business days.

**2012**

☐ Check this box if you have notified the IRS or the IRS has notified you that one of the years for which you are requesting a transcript involved identity theft on your federal tax return.

**Note.** If the IRS is unable to locate a return that matches the taxpayer identity information provided above, or if IRS records indicate that the return has not been filed, the IRS may notify you or the third party that it was unable to locate a return, or that a return was not filed, whichever is applicable.

**Caution. Do not sign this form unless all applicable lines have been completed.**

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a. If the request applies to a joint return, either husband or wife must sign. **Note:** *For transcripts being sent to a third party, this form must be received within 120 days of signature date.*

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)     Date

▶ Spouse's signature     Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.     Cat. No. 54185S     Form **4506T-EZ** (Rev. 1-2012)

2-892-75901-0000347-001-12-000-000-000-000

Form 4506T-EZ (Rev. 1-2012)

Page 2

Section references are to the Internal Revenue Code unless otherwise noted.

**What's New**

The IRS has created a page on IRS.gov for information about Form 4506T-EZ at *http://www.irs.gov/form4506* Information about any recent developments affecting Form 4506T-EZ (such as legislation enacted after we released it) will be posted on that page.

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Individuals can use Form 4506T-EZ to request a tax return transcript for the current and the prior three years that includes most lines of the original tax return. The tax return transcript will not show payments, penalty assessments, or adjustments made to the originally filed return. You can also designate (on line 5) a third party (such as a mortgage company) to receive a transcript. Form 4506T-EZ cannot be used by taxpayers who file Form 1040 based on a tax year beginning in one calendar year and ending in the following year (fiscal tax year). Taxpayers using a fiscal tax year must file Form 4506-T, Request for Transcript of Tax Return, to request a return transcript.

Use Form 4506-T to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506T-EZ to the address below for the state you lived in when the return was filed.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

| If you filed an individual return and lived in: | Mail or fax to the "Internal Revenue Service" at: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 512-460-2272 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 559-456-5876 |
| Connecticut, Delaware, District of Columbia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 816-292-6102 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the address on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. **Signature and date.** Form 4506T-EZ must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506T-EZ within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506T-EZ exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. If you request a transcript, sections 6103 and 6109 require you to provide this information, including your SSN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506T-EZ will vary depending on individual circumstances. The estimated average time is: Learning about the law or the form,9 min.; Preparing the form,18 min.; and Copying, assembling, and sending the form to the IRS, 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506T-EZ simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service Tax Products Coordinating Committee SE:W:CAR:MP:T:M:S 1111 Constitution Ave. NW, IR-6526 Washington, DC 20224 Do not send the form to this address. Instead, see *Where to file* on this page.

5-692-75901-0000001-001-7-000-000-000-000

---

**BEWARE OF FORECLOSURE RESCUE SCAMS – TIPS & WARNING SIGNS**
**For Your Information Only - Do Not Return with Your Borrower Response Package**

---

Scam artists are stealing millions of dollars from distressed homeowners by promising immediate relief from foreclosure, or demanding cash for counseling services when HUD-approved counseling agencies provide the same services for FREE. If you receive an offer, information or advice that sounds too good to be true, it probably is. Don't let them take advantage of you, your situation, your house or your money. **Remember, help is FREE.**

**How to Spot a Scam** – beware of a company or person who:

- Asks for a fee in advance to work with your lender to modify, refinance, or reinstate your mortgage.
- Guarantees they can stop a foreclosure or get your loan modified.
- Advises you to stop paying your mortgage company and pay them instead.
- Pressures you to sign over the deed to your home or sign any paperwork that you haven't had a chance to read, and you don't fully understand.
- Claims to offer "government-approved" or "official government" loan modifications.
- Asks you to release personal financial information online or over the phone and you have not been working with this person and/or do not know them.

**How to Report a Scam** – do one of the following:

- Go to www.preventloanscams.org and fill out the Loan Modification Scam Prevention Network's (LMSPN) complaint form online and get more information on how to fight back. Note: you can also fill out this form and send to the fax number/e-mail/address (your choice) on the back of the form.
- Call 1(888)995-HOPE (4673) and tell the counselor about your situation and that you believe you got scammed or know of a scam.

---

*The Loan Modification Scam Prevention Network is a national coalition of governmental and private organizations led by Fannie Mae, Freddie Mac, NeighborWorks America™ and the Lawyers' Committee for Civil Rights Under Law.*

## Home Affordable Modification Program Hardship Affidavit

Borrower Name: _____  Date of Birth: _____
Co-Borrower Name: _____  Date of Birth: _____
Property Street Address: _____
Property City, ST, Zip: _____
Servicer: _____
Loan Number: _____

In order to qualify for _____'s ("Servicer") offer to enter into an agreement to modify my loan under the federal government's Home Affordable Modification Program (the "Agreement"), I/we am/are submitting this form to the Servicer and indicating by my/our checkmarks ("✓") the one or more events that contribute to my/our difficulty making payments on my/our mortgage loan.

| Borrower | | Co-Borrower | | |
|---|---|---|---|---|
| Yes | No | Yes | No | |
| ☐ | ☐ | ☐ | ☐ | My income has been reduced or lost. For example: unemployment, underemployment, reduced job hours, reduced pay, or a decline in self-employed business earnings. I have provided details below under "Explanation." |
| ☐ | ☐ | ☐ | ☐ | My household financial circumstances have changed. For example: death in family, serious or chronic illness, permanent or short-term disability, increased family responsibilities (adoption or birth of a child, taking care of elderly relatives or other family members). I have provided details below under "Explanation." |
| ☐ | ☐ | ☐ | ☐ | My expenses have increased. For example: monthly mortgage payment has increased or will increase, high medical and health-care costs, uninsured losses (such as those due to fires or natural disasters), unexpectedly high utility bills, increased real property taxes. I have provided details below under "Explanation." |
| ☐ | ☐ | ☐ | ☐ | My cash reserves are insufficient to maintain the payment on my mortgage loan and cover basic living expenses at the same time. Cash reserves include assets such as cash, savings, money market funds, marketable stocks or bonds (excluding retirement accounts). Cash reserves do not include assets that serve as an emergency fund (generally equal to three times my monthly debt payments). I have provided details below under "Explanation." |
| ☐ | ☐ | ☐ | ☐ | My monthly debt payments are excessive, and I am overextended with my creditors. I may have used credit cards, home equity loans or other credit to make my monthly mortgage payments. I have provided details below under "Explanation." |
| ☐ | ☐ | ☐ | ☐ | There are other reasons I/we cannot make our mortgage payments. I have provided details below under "Explanation." |

## Information for Government Monitoring Purposes

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it.** If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if you have made this request for a loan modification in person. **If you do not wish to furnish the information, please check the box below.**

| BORROWER ☐ I do not wish to furnish this information | CO-BORROWER ☐ I do not wish to furnish this information |
|---|---|
| **Ethnicity:** ☐ Hispanic or Latino ☐ Not Hispanic or Latino | **Ethnicity:** ☐ Hispanic or Latino ☐ Not Hispanic or Latino |
| **Race:** ☐ American Indian or Alaska Native ☐ Asian ☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander ☐ White | **Race:** ☐ American Indian or Alaska Native ☐ Asian ☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander ☐ White |
| **Sex:** ☐ Female ☐ Male | **Sex:** ☐ Female ☐ Male |

## Borrower/Co-Borrower Acknowledgement and Agreement

1. Under penalty of perjury, I/we certify that all of the information in this affidavit is truthful and the event(s) identified above has/have contributed to my/our need to modify the terms of my/our mortgage loan.
2. I/we understand and acknowledge the Servicer may investigate the accuracy of my/our statements, may require me/us to provide supporting documentation, and that knowingly submitting false information may violate Federal law.
3. I/we understand the Servicer will pull a current credit report on all borrowers obligated on the Note.
4. I/we understand that if I/we have intentionally defaulted on my/our existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this Hardship Affidavit, or if I/we do not provide all of the required documentation, the Servicer may cancel the Agreement and may pursue foreclosure on my/our home.
5. I/we certify that my/our property is owner-occupied and I/we have not received a condemnation notice.
6. I/we certify that I/we am/are willing to commit to credit counseling if it is determined that my/our financial hardship is related to excessive debt.
7. I/we certify that I/we am/are willing to provide all requested documents and to respond to all Servicer communication in a timely manner. I/we understand that time is of the essence.

8. I/we understand that the Servicer will use this information to evaluate my/our eligibility for a loan modification or other workout, but the Servicer is not obligated to offer me/us assistance based solely on the representations in this affidavit.

9. I/we accept and agree to all terms of the Home Affordable Modification Trial Period ("Trial Period") Plan which is incorporated herein by reference as if set forth in full.

10. I/we agree that when the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of my loan or foreclosure action and related activities and shall not constitute a cure of my default under my loan unless such payments are sufficient to completely cure my entire default under my loan.

11. I/we agree that any prior waiver as to payment of escrow items in connection with my loan has been revoked.

12. I/we agree to the establishment of an escrow account and the payment of escrow items if an escrow account never existed on my loan.

13. I/we understand that Servicer will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and Modification Agreement by Servicer to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Homeowner Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

---

| _____ | _____ | _____ | _____ |
| Borrower Signature | Date | Co-Borrower Signature | Date |

E-mail Address: _____     E-mail Address: _____

Cell Phone # _____     Cell Phone # _____

Home Phone # _____     Home Phone #_____

Work Phone # _____     Work Phone # _____

Social Security # ____ ___ ____     Social Security # ____ ___ ____

Explanation: _____

_____

_____

_____

Form 1122                          Page 3 of 5

EXHIBIT B



P.O. Box 630348
Irving, TX 75063

July 24, 2014

Jordan Goldberg
Lynn Levitan
840 Fernwood Pacific Drive
Topanga, CA 90290

RE: Research Reference #RR-139282

Dear Jordan Goldberg and Lynn Levitan,

This is in response to your request received July 21, 2014 to cancel the escrow account on your loan.

Your request has been processed accordingly. By removing the escrow collection you will be responsible for payment of the property taxes and insurance. Should Nationstar Mortgage be notified of non-renewal of your insurance coverage or non-payment of your property taxes, we will make payment accordingly and reestablish the escrow account. If this occurs, the escrow account will remain in force until the account is paid in full.

As of the date of this letter, your escrow account has a negative balance in the amount of $2,703.90. Repayment of this advance has been spread over 12 months and effective September 1, 2014 your monthly payment will be $4,124.91, which includes the following:

| | |
|---|---|
| Principal and Interest: | $3,899.58 |
| Escrow Advance Repayment: | $225.33 |
| Total Payment Amount: | $4,124.91 |

You may pay the escrow advance in full by sending a check or money order in the amount of $2,703.90 to:

Nationstar Mortgage
350 Highland Drive
Lewisville, TX 75067

Please reference your loan number on your payment to ensure accurate and timely application of the funds. Upon receipt of this payment, your monthly payment will be adjusted to $3,899.58.

Should you have any additional questions regarding your account or to view details about your loan summary and recent account activity, visit us online at www.MyNationstar.com. To get started, click 'Register' and see how easy it is to manage your mortgage online. You will have immediate access to:

- Frequently asked questions
- A full payment history
- Escrow information
- Automatic payment enrollment
- Mortgage Loan, Escrow Account Disclosure, and Tax and Interest Statements

As a valued borrower, your satisfaction is our top priority. If we can be of further assistance, you can contact us directly at research.department@nationstarmail.com or you can call our Customer Service Department at 1-888-480-2432.

Sincerely,

Research and Response Department
Nationstar Mortgage LLC

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.*

ESC034

EXHIBIT C

(4 unread) - lynnlevitan - Yahoo Mail                                                          11/10/14, 11:16 AM



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
| Jordan R. Goldberg and Lynn R. Levitan | Nationstar Mortgage, LLC |

| | |
|---|---|
| **(b) County of Residence of First Listed Plaintiff**  Los Angeles | **County of Residence of First Listed Defendant**  Delaware |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| | |
|---|---|
| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
| Lisa R. Brant, Esq.<br>Brant Law Offices<br>6186 Innovation Way<br>Carlsbad, CA 92009 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) |
| ☐ 2. U.S. Government Defendant | ☒ 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Reinstated or Reopened | ☐ 5. Transferred from Another District (Specify) | ☐ 6. Multi-District Litigation |

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Fair Credit Reporting Act (15 U.S.C. Section 1681) and Unfair Business Practices

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☒ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☒ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| | | | |
|---|---|---|---|
| **FOR OFFICE USE ONLY:** | Case Number: | | |
| CV-71 (10/14) | | CIVIL COVER SHEET | Page 1 of 3 |

CV14-8759

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no, " skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes  ☒ No<br><br>If "no, " skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes  ☒ No<br><br>If "no, " skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?     ☒ NO     ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO     ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**     DATE: 11/12/14

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

Jordan R. Goldberg, an individual; Lynn R. Levitan,
an individual

*Plaintiff(s)*

v.

Nationstar Mortgage, LLC, a Delaware limited liability
corporation, and DOES 1 through 10  inclusive

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

CV14-8759 SS

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Nationstar Mortgage, LLC
Agent Address: AS CSC  - Lawyers Incorporating Services, (C1592199)
P.O. Box 619081
Dallas, TX 75261-9741

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:   Lisa R. Brant, Esq.
Brant Law Offices
6186 Innovation Way
Carlsbad, CA 92009

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

CLERK OF COURT

Date: 11- 12- 14

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: