**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
BRYAN M. LEIFER (SBN 265837)
Email: bryan.leifer@akerman.com
ROBERT R. YAP (SBN 263763)
Email: robert.yap@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JORDAN R. GOLDBERG, an individual; and LYNN R. LEVITAN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC a Delaware limited liability corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: CV14-8759 SS <br><br> Assigned to Hon. Suzanne H. Segal, Courtroom 23 <br><br> **DEFENDANT NATIONSTAR MORTGAGE, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [Filed concurrently with Request for Judicial Notice and (Proposed) Order] <br><br> **Hearing** <br> Date: January 6, 2015 <br> Time: 10:00 a.m. <br> Ctrm: 23 <br> Place: 312 North Spring Street <br> Los Angeles, California 90012 <br><br> Complaint filed: November 12, 2014 <br> Trial date: none |

///

///

{30016833;3}

CASE NO. 2:14-CV-8759 SS

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**TO THE HONORABLE COURT, TO ALL PARTIES HEREIN, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 6, 2015 at 10:00 a.m. or as soon thereafter as may be heard in Courtroom 23 of the United States District Court, Central District of California-Western Division, United States Courthouse located at 312 North Spring Street, Los Angeles, California 90012, Defendant Nationstar Mortgage LLC (**Nationstar**) will move the Court for an order dismissing with prejudice the complaint of Plaintiffs Jordan R. Goldberg and Lynn R. Levitan (collectively, **plaintiffs**).

This motion was filed after Nationstar's counsel met and conferred with plaintiffs' counsel as required by Local Rule 7-3. From December 1 to 5, 2014, Nationstar's counsel communicated multiple times with plaintiffs' counsel concerning Nationstar's intent to bring this motion to dismiss. These communications, however, did not resolve the issues between the parties. Consequently, Nationstar is left with no choice but to file this motion.

Nationstar's motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiffs' complaint, and all causes of action contained therein, fail to state a claim upon which relief can be granted because: (1) plaintiffs authorized the establishment of an escrow for property taxes and insurance; (2) plaintiffs fail to show any inaccurate credit reporting; (3) plaintiffs also fail to show that Nationstar did not reasonably investigate a dispute from a consumer reporting agency; (4) plaintiffs cannot justifiably rely as a matter of law; (5) plaintiffs' fraud claims are insufficiently pled under Rule 9(b); and (6) Nationstar does not owe any common law duty.

Nationstar's motion is based upon the particular matters set forth in its request for judicial notice, filed concurrently herewith, of which judicial notice may or shall be taken pursuant to Federal Rule of Evidence 201.

///

///

{30016833;3}                                    1                          CASE NO. 2:14-CV-8759 SS
**DEFENDANT NATIONSTAR MORTGAGE, LLC'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Nationstar's motion is further based upon this notice; upon the memorandum of points and authorities attached hereto; upon the records and files of this Court; and upon such further evidence and argument as may be presented prior to or at the time of the hearing on the motion.

Dated: December 8, 2014

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Robert R. Yap*
    Justin D. Balser
    Bryan M. Leifer
    Robert R. Yap
Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{30016833;3}  2  CASE NO. 2:14-CV-8759 SS
**DEFENDANT NATIONSTAR MORTGAGE, LLC'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After Plaintiffs Jordan R. Goldberg and Lynn R. Levitan (collectively, **plaintiffs**) voluntarily dismissed Defendant Nationstar Mortgage LLC (**Nationstar**) from their first lawsuit with prejudice one month ago,[1] plaintiffs commenced this second action against Nationstar arising from and relating to an alleged escrow account added to their loan. Plaintiffs' entire action is without merit given that in the deed of trust and hardship affidavit they executed, they expressly authorized their lender to establish an escrow for the payment of property taxes and insurance.[2] Consequently, plaintiffs fail to and cannot state any claim under the Fair Credit Reporting Act (**FRCA**). Plaintiffs do not show any inaccurate credit reporting as they admittedly paid only their regular monthly payments without any additional sum for the escrow.[3] Plaintiffs also fail to show that Nationstar did not reasonably investigate a dispute from a consumer reporting agency. For the reasons set forth herein, Nationstar's motion should be granted without leave to amend, and plaintiffs' complaint should be dismissed in its entirety with prejudice.

## II. STATEMENT OF FACTS

On or about October 25, 2005, plaintiffs executed an adjustable rate note and obtained a first-position loan in the original principal amount of $764,000. (RJN, Ex. "1.") Plaintiffs concurrently executed a first-lien deed of trust, which secured plaintiffs' note and encumbered the parcel of real property commonly referred to as 840 Fernwood Pacific, Topanga, California 90290 (**property**). (RJN, Ex. "2.") Under the terms of the deed of trust, plaintiffs' lenders were authorized to maintain an escrow account for the payment of property taxes, property insurance, and other loan or property-related items. (RJN, Ex. "2" at 4-5.) Nationstar currently services plaintiffs' loan. (Complaint ¶¶ 2 and 7.)

---

[1] *See Goldberg et al. v. Bank of America, N.A. et al.*, Los Angeles Superior Court Case No. BC50379.
[2] Request for Judicial Notice (**RJN**), Exhibits "2" at 4-5 and "3" at 3.
[3] Complaint ¶¶ 18 and 23.

{30016833;3}  1  CASE NO. 2:14-CV-8759 SS
**DEFENDANT NATIONSTAR MORTGAGE LLC'S**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs allege that they applied for a loan modification in January 2014. (Complaint ¶ 7.) In connection with their application, plaintiffs submitted a Home Affordable Modification Program (**HAMP**) hardship affidavit, which revoked any prior escrow waiver and authorized the establishment of an escrow account for taxes and insurance. (RJN, Ex. "3" at 3.)

Plaintiffs admit that in April 2014, Nationstar advanced and paid the property taxes plaintiffs owed in the sum of $4,151.69. (Complaint ¶ 9.) Plaintiffs further admit that because of Nationstar's payment, they received a refund of the property taxes they attempted to pay. (Complaint ¶¶ 11 and 12.)

Plaintiffs allege that Nationstar established an escrow account on their loan. (Complaint ¶ 9.) Despite this escrow, plaintiffs admit that they only paid their regular monthly payment of $3,899.58—without the additional escrow amount or any additional sum to reimburse the property taxes advanced by Nationstar—for the months of August, September, and October 2014. (Complaint ¶¶ 18 and 23.)

## III.   LEGAL STANDARD

Courts must dismiss a complaint for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — **but has not 'show[n]'** — that the pleader is entitled to relief" (emphasis added). *Id*. at 1950. In addition, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Although "all material allegations of the complaint are accepted as true,"[4] "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (Courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). The Court "is not required to indulge unwarranted inferences in order to save a complaint from dismissal." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064-1065 (9th Cir. 2008). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Syntex Corp. Securities Litigation*, 95 F.3d 922, 926 (9th Cir. 1996). Accordingly, the Supreme Court has held that "a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Based upon the four corners of their pleading and upon judicially noticeable facts, plaintiffs' entire complaint and all causes of action therein fail to state a claim as a matter of law and should be dismissed.

## IV. ARGUMENT

### A. The Court May Consider The Loss Mitigation Correspondence Between Plaintiffs And Nationstar

In ruling on this motion, the Court may properly consider the promissory note and escrow-related loan documents attached as Exhibits "1," "3," and "4" to Nationstar's request for judicial notice. The Ninth Circuit has repeatedly held: "**Even if a document is not attached to a complaint**, **it may be incorporated by reference** into a complaint if the plaintiff refers extensively to the document or the document forms the

---

[4] *Navarro*, 250 F.3d at 732.

basis of the plaintiff's claim. [Citations.] The defendant may offer such a document, and **the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)**" (emphasis added). *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). In *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) (superseded by statute on other grounds), the Ninth Circuit reasoned that to "**[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based**…a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies" (emphasis added). *Parrino*, 146 F.3d at 705-706. "**Such consideration does 'not convert the motion to dismiss into a motion for summary judgment**'" (emphasis added). *Branch v. Tunnell*, 14 F.3d 449, 453-454 (9th Cir. 1994) (overruled on other grounds). The Ninth Circuit also "ha[s] **extended** the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, **even though the plaintiff does not explicitly allege the contents of that document in the complaint**" (emphasis added). *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Plaintiffs' complaint references the contents of and necessarily relies on the note and escrow-related loan documents set forth in Nationstar's request for judicial notice. The promissory note attached as Exhibit "1" to the request for judicial notice evidences the loan that is the subject of plaintiffs' action and that is referenced throughout their complaint. In addition, each of the six causes of action alleged in the complaint exclusively arise from and relate to Nationstar's purported representations and conduct concerning the alleged escrow on their loan. Consequently, plaintiffs' entire pleading implicitly references and necessarily relies on the contents of the escrow-related loan

documents attached as Exhibits "3" and "4" to Nationstar's request for judicial notice. Plaintiffs are prohibited from disingenuously excluding these documents from their complaint in order to survive Nationstar's Rule 12(b)(6) motion. *Parrino*, 146 F.3d at 705-706. Because their contents are referenced and relied upon by plaintiffs, their note and the escrow-related loan documents [5] are properly incorporated into plaintiffs' pleading and are subject to this Court's consideration. *Ritchie*, 342 F.3d at 908; *Marder*, 450 F.3d at 448; *Parrino*, 146 F.3d at 705-706; *Branch*, 14 F.3d at 453-454.

### B. The Alleged Escrow Was Authorized Pursuant To Plaintiffs' Deed Of Trust And The Hardship Affidavit They Executed

Contrary to plaintiffs' erroneous contentions, the escrow account allegedly added to their loan was lawful. Plaintiffs' deed of trust expressly authorized their lender to establish an escrow for the payment of property taxes, property insurance, and other loan or property-related items. Paragraph 1 of the deed of trust provides: "Borrower shall also pay funds for **Escrow Items** pursuant to Section 3" (emphasis added).[6] In turn, paragraph 3 provides that "Borrower shall pay to Lender on the day Periodic Payments are due under the Note…a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments…(c) premium for any and all [property] insurance required by Lender [as defined] under Section 5" of the deed of trust.[7] Consequently, the lender/beneficiary under plaintiffs' deed of trust was and is permitted to impose an escrow for property taxes and insurance.

The deed of trust provides that "Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in **writing**" (emphasis added).[8] Plaintiffs do not allege that they received any such written waiver. Instead, plaintiffs executed and submitted, in connection with their

---

[5] RJN, Exs. "1," "3," and "4."
[6] RJN, Ex. "2" at 4.
[7] RJN, Ex. "2" at 5.
[8] RJN, Ex. "2" at 5.

{30016833;3}   5   CASE NO. 2:14-CV-8759 SS

application for a loan modification, a HAMP Hardship Affidavit, which reaffirmed the lender/beneficiary's right to establish an escrow for taxes and insurance:

1. On paragraph 11 of the acknowledgment and agreement section, plaintiffs expressly "agree[d] that **any prior waiver** as to payment of escrow items in connection with [their] loan has been **revoked**" (emphasis added). (RJN, Ex. "3" at 3.)

2. On paragraph 12, plaintiffs further expressly "agree[d] to the **establishment of an escrow account** and the payment of escrow items if an escrow account never existed on [their] loan" (emphasis added). (*Ibid.*)

Plaintiffs unequivocally agreed in the deed of trust and hardship affidavit they executed that an escrow account could be established. Further, plaintiffs admit that the alleged escrow did in fact pay their property taxes and that they received a refund of the property taxes they attempted to pay.[9] Consequently, plaintiffs cannot state any claim or cause of action for the alleged escrow added to their loan.

### C. Plaintiffs Fail To Show A Violation Of The Fair Credit Reporting Act

The FCRA prohibits "[a] person" from furnishing information "relating to a consumer" to a credit reporting agency (**CRA**) "if the person knows or consciously avoids knowing that the information is **inaccurate**" (emphasis added). 15 U.S.C. § 1681s–2(a). As a threshold issue, plaintiffs fail to demonstrate that Nationstar furnished any inaccurate information to a credit reporting agency. As set forth in Section IV.B., *supra*, Nationstar was authorized to establish escrow for the payment of taxes and insurance (plaintiffs authorized Nationstar to establish an escrow account when they signed their loan modification application) and that Nationstar did pay plaintiffs' property taxes. Plaintiffs admit, however, that in the months of August, September, and October 2014, they only paid their regular monthly loan payment of $3,899.58 without any additional sum for the escrow or to reimburse the property taxes advanced by Nationstar.[10] Consequently, assuming *arguendo* that Nationstar reported plaintiff as

---

[9] Complaint ¶¶ 9, 11 and 12.
[10] Complaint ¶¶ 18 and 23.

{30016833;3}   6   CASE NO. 2:14-CV-8759 SS

1  delinquent, plaintiffs fail to show how such reporting was inaccurate.

2  Furthermore, plaintiffs fail to show that Nationstar failed to reasonably investigate a notice of dispute from a consumer reporting agency. The FCRA does not provide for a right of action against a furnisher of false information. *See Nelson v. Chase Manhattan Mortgage Corp*., 282 F.3d 1057, 1059 (9th Cir. 2002). A consumer has a private right of action only when a furnisher fails to conduct a reasonable investigation of a dispute that the furnisher receives from a consumer reporting agency. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). "[T]o succeed on such a claim, Plaintiffs must allege that they had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute." *Matracia v. JP Morgan Chase Bank, NA*, 2011 WL 5374776 at *3 (E.D. Cal. 2011) *citing* 15 U.S.C. § 1681s-2(b). Under 15 U.S.C. § 1681s–2(b), furnishers have a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency by "review[ing] all relevant information provided by the [CRA]…." *Gorman*, 584 F.3d at 1154. This duty to investigate is triggered "only after the furnisher receives notice of dispute from a [consumer reporting agency]." *Ibid*.

Plaintiffs fail to establish the essential elements of their claim. <u>First</u>, plaintiffs do not allege that they submitted a dispute to a credit reporting agency. <u>Second</u>, plaintiffs do not allege that Nationstar received any notice of a dispute from a consumer reporting agency. <u>Third</u>, plaintiffs do not allege that Nationstar failed to conduct a reasonable investigation of a dispute it received from a consumer reporting agency. For these reasons, plaintiffs' first claim for the purported violation of the Fair Credit Reporting Act fails as a matter of law and should be dismissed.

///

///

{30016833;3}   7   CASE NO. 2:14-CV-8759 SS

**DEFENDANT NATIONSTAR MORTGAGE LLC'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**D.  Plaintiffs' Claims For Fraudulent Inducement And Fraudulent Misrepresentation Fail As A Matter Of Law**

**1.  Plaintiffs Did Not Justifiably Rely**

Plaintiffs fail to state a prima facie case for fraudulent inducement and fraudulent misrepresentation.  Justifiable reliance is an essential element of any claim for fraudulent inducement, fraud, or misrepresentation.  *Kruse v. Bank of America*, 202 Cal.App.3d 38, 54-56 (1988); *Stansfield v. Starkey*, 220 Cal.App.3d 59, 72-73 (1990); *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group*, 171 Cal.App.4th 35, 50 (2009).  Plaintiffs, however, cannot justifiably rely as a matter of law.  The Court of Appeal has rejected the notion that a "**practicing attorney** can rely" (emphasis added) on the advice of a non-attorney as to the effect of a contract.  *See Guido v. Koopman*, 1 Cal.App.4th 837, 843 (1991) (A "practicing attorney can[not] rely on the advice of an equestrian instructor as to the validity of a written release of liability"].)  Plaintiff Lynn R. Levitan, in-house counsel for Apple, Inc., was a **19-year practicing attorney** when she applied for a loan modification in January 2014.[11]  As an experienced attorney, Ms. Levitan should have been aware of the consequences of executing a hardship affidavit, which revoked any prior escrow waiver and authorized the establishment of an escrow for taxes and insurance.[12]

Plaintiff Jordan R. Goldberg similarly cannot demonstrate any justifiable reliance.  A party who "was represented by counsel at the time of the alleged misrepresentations" cannot justifiably rely on said misrepresentations as a matter of law.  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332 (1986).  Just as Ms. Levitan is serving as co-counsel and is representing Mr. Goldberg in this action, Mr. Goldberg was represented by his spouse Ms. Levitan in their prior lawsuit against Nationstar when they applied for a loan modification and executed the hardship

---

[11] RJN, Ex. "5."

[12] RJN, Ex. "3" at 3.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

affidavit authorizing the escrow. Consequently, Mr. Goldberg, "as a matter of law, [is] preclude[d] [from] showing…'actual' or 'justifiable' reliance." *Ibid*. Plaintiffs' second and third claims, therefore, fail as a matter of law because they are precluded from showing any justifiable reliance.

### 2. Plaintiffs' Pleadings Are Deficient Under Rule 9(b)

Plaintiffs' fraudulent inducement, fraud, and misrepresentation claims are insufficiently pled. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with **particularity** the circumstances constituting fraud or mistake" (emphasis added). "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be '**specific** enough to give defendants notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong'" (emphasis added). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Ibid*. Further, with respect to false representations attributed to corporate defendants such as movants, "a plaintiff must 'allege the names of the persons **who** made the allegedly fraudulent representations, their **authority to speak**, to whom they spoke, **what they said or wrote**, and **when** it was said or written'" (emphasis added). *Cisneros v. Instant Capital Funding Group, Inc.*, 263 F.R.D. 595, 607 (E.D. Cal. 2009).

Plaintiffs' pleading is wholly deficient in this regard as they fail to sufficiently allege the identity of who made the purported false representation(s), their authority to speak on behalf of Nationstar, and when these statements were made, or what the purportedly false statements were. On July 24, 2014, Nationstar's counsel notified plaintiffs that Nationstar was authorized to establish an escrow for taxes and insurance pursuant to the hardship affidavit they executed.[13] As set forth in Section IV.B., supra, plaintiffs fail to and cannot show that these representations were inaccurate or untrue in

---

[13] RJN, Ex. "4."

{30016833;3} 9 CASE NO. 2:14-CV-8759 SS

an any way. Consequently, plaintiffs' claims should be dismissed.

### E. Plaintiffs' Negligence Claim Fails Because Nationstar Owes No Duty

Plaintiffs cannot state any cause of action for negligence. "The elements of a cause of action for negligence are well established. They are '(a) a **legal duty** to use due care; (b) a breach of such **legal duty**; [and] (c) the breach as the proximate or legal cause of the resulting injury'" (emphasis added). *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). However, Nationstar does not owe any common law duty of care to plaintiff. It is well settled that a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991). Nationstar also owes no duty with respect to loss mitigation. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 68 (2013) (Lenders and mortgage servicers "d[o] not have a common law duty of care to offer, consider, or approve a loan modification, or to offer [the borrower] alternatives to foreclosure. Likewise, [the lenders and servicers] d[o] not have a duty of care to handle [a borrower's] loan 'in such a way to prevent foreclosure and forfeiture of his property'"). Nationstar also owes no duty with respect to the alleged escrow. *Goyal v. Capital One, N.A.*, 2012 WL 3878114 at *2 (N.D. Cal. 2012) (Lenders and services do not owe any duty in connection with "manag[ing] [a borrower's] escrow account, and pay[ing] his property taxes and insurance.")

Nationstar's alleged conduct with respect to the purported escrow and plaintiffs' request for a loan modification proceedings do not give rise to any duty of care. Plaintiffs, therefore, cannot state any negligence claim under any circumstance.

### F. Plaintiffs Fail To Show Any Violation of California Business and Professions Code § 17200 *et seq*.

Plaintiffs fail to show that Nationstar violated California Business and Professions Code § 17200 *et seq*. "Because Business and Professions Code section

17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Berryman v. Merit Property Management, Inc.*, 152 Cal.App.4th 1544, 1554 (2007). A business practice is unlawful if it violates another law. *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*, 20 Cal. 4th 163, 180 (1999). "A business practice is unfair within the meaning of the [unfair competition law] if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1473 (2006). "A fraudulent business practice is one which is likely to deceive the public." *Id*. at 1472.

Given that all of their other claims in their complaint fail as a matter of law, plaintiffs fail to demonstrate that any of Nationstar's purported conduct was unlawful, unfair, or fraudulent in violation Business and Professions Code § 17200 *et seq*. In addition, "Rule 9(b)'s heightened pleading standards apply to claims for violations of the [unfair competition law]" to the extent they are based on fraudulent business practices. *Kearns*, 567 F.3d at 1125. As set forth in Section IV.D.2., plaintiffs fail to plead their fraud allegations with the specificity and particularity required under Rule 9(b). Plaintiffs' fifth and sixth claims should therefore be dismissed.

## V. CONCLUSION

Nationstar respectfully requests that the Court grant its motion without leave to amend and dismiss the entirety of plaintiffs' complaint with prejudice.

Dated: December 8, 2014                    Respectfully submitted,

**AKERMAN LLP**

By: /s/ *Robert R. Yap*
    Justin D. Balser
    Bryan M. Leifer
    Robert R. Yap
Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

{30016833;3}　　　　　　　11　　　　　　　CASE NO. 2:14-CV-8759 SS

**DEFENDANT NATIONSTAR MORTGAGE LLC'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

On **December 8, 2014**, I served the following documents

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Telephone/Facsimile/Email | Party |
|---|---|---|
| Lynn R. Levitan, Esq.<br>840 Fernwood Pacific Drive<br>Topanga, CA 90290 | Tel: (310) 200-9620 | Attorneys for Plaintiffs JORDAN R. GOLDBERG and LYNN R. LEVITAN |
| Lisa R. Brant, Esq.<br>BRANT LAW OFFICES<br>6186 Innovation Way<br>Carlsbad, CA 92009 | Tel: (619) 893-8919 | |

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

| | |
|---|---|
| 1 | ☐ (ComplaintSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| 2 | |
| 3 | ☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| 4 | |
| 5 | |
| 6 | ☒ (CM/ECF ELECTRONIC FILING) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se." |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct. |
| 12 | |
| 13 | ☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| 14 | ☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. |
| 15 | |
| 16 | Executed on **December 8, 2014**, at Los Angeles, California. |

    Robert R. Yap            *Robert R. Yap*
    (Type or print name)            (Signature)